The Court will now call Case 118-110, Lake Environmental, Inc. v. Damon T. Arnold. Are you ready to proceed? Ready? May it please the Court. Counsel. Counsel. I am Assistant Attorney General Linda Boachienza on behalf of the Illinois Department of Public Health and its Director. This case involves the proper construction of this Court's Rule 137. Rule 137, as this Court has previously noted, was adopted as a means of preventing false filings and frivolous lawsuits. Rule 137 permits the Circuit Court to impose on the party, the attorney, or both, a sanction if it determines that its pleadings were not well-grounded in fact and warranted by existing law, or if they were interposed for an improper purpose. Unlike its predecessor, Section 2-611 of the Illinois Code of Civil Procedure, Rule 137 does not require the trial court to impose a sanction if it finds that the rule was violated. Section 2-611 stated that a trial court shall impose a sanction when it determined that the rule was violated. Rule 137, on the other hand, gives the Court discretion to impose or to decline to impose a sanction even if it finds a violation of the rule. When drafting Rule 137, this Court could have required the Circuit Court to issue a Statement of Reasons whenever it rules on a motion for sanctions, but that is not how the rule is written. Rule 137d states that where a sanction is imposed under this rule, the judge shall set forth with specificity the reasons and basis for any sanction so imposed. The language used in the rule reflects a deliberate choice by this Court. As demonstrated by the language used, this Court's concern was with the imposition of sanctions. Sanctions are a drastic measure, and thus this Court in its rule required Circuit Courts to explain their basis for imposing a sanction. Explaining why a motion for sanctions was granted serves useful purposes. It allows the sanctioned party to know why their conduct or pleadings were deemed vexatious, and it serves as a deterrent for similar behavior in the future. On the other hand, denying a motion for sanctions should be the norm. Therefore, an explanation is not required. Indeed, Lake acknowledges in its brief in this Court that when denying a motion for sanctions, the Circuit Court is not required to provide an explanation. Here, contrary to the express language of Rule 137d, the Appellate Court ruled that a trial court must provide a statement of reasons whether sanctions are granted or denied. The Appellate Court gave little weight to the language of the rule itself. Instead, it relied on a body of case law developed among certain Illinois Appellate Courts that requires an explanation whether sanctions are granted or denied. It found that body of case law to be far more persuasive than the actual text of the rule. As is true when interpreting a statute, when the language of this Court's rule is unambiguous, it should be applied as written. Some Appellate Courts have correctly observed that Rule 137 on its face only requires an explanation where sanctions are granted. The Appellate Court in this case erred in crediting other Appellate Court decisions over the unambiguous text of Rule 137d. Some Appellate Courts that require a trial court to explain its reason for denying a motion for sanctions justify this additional requirement by suggesting that appellate review would be ad hoc and inconsistent without a statement of reasons. But this Court's rule was intentionally and purposefully drafted. This Court chose not to require a statement of reasons where sanctions are denied and Appellate Courts are not at liberty to essentially rewrite this Court's rule. Moreover, the Circuit Court's denial of a request for sanctions has a clear meaning. This Court indicated in Dowd v. Gleason that a party's legal theory must be so clearly lacking in merit to warrant sanctions under Rule 137. Therefore, the trial court's denial of a request for sanctions means that the Court did not find the party's pleadings to be so clearly lacking in merit that sanctions were necessary. Is lack of reasoning from the trial court any evidence of abuse of discretion by the Court in denying? I wouldn't say that a lack of reason is evidence of an abuse of discretion, but what that means, the denial of a request for sanctions, means that the trial court came to the conclusion that the pleadings and the conduct from the party whose conduct was challenged as sanctionable did not rise to the level to warrant sanctions. And the appropriate response by an appellate in that situation would be to review the record and determine whether or not that conclusion was an abuse of discretion. Thank you. In its brief before this Court, Lake invokes Rule 366, and it contends that the appellate court's decision was based on that rule rather than Rule 137. Lake's claim is contradicted by the appellate court's opinion, which never mentioned Rule 366, but provided a detailed discussion of the case law involving Rule 137. The appellate court also did not suggest, as Lake does in its brief, that the state of the record was somehow ambiguous or prevented it from reaching a conclusion. No evidence suggests that Rule 366 played any role in the appellate court's decision in this case. Lake also asserts that the record on appeal was inadequate to allow for meaningful review. But the record contained every pleading that the Department filed, as well as the transcript from the motion on Lake's request for sanctions. As a general matter, when all of the filings that are challenged as sanctionable are contained within the record, the appellate court has the information it needs to assess whether the trial court abused its discretion in denying the motion for sanctions. Indeed, because the record on appeal demonstrates that the Department's pleadings were not clearly lacking in merit, we ask this court to affirm the circuit court's denial of sanctions rather than remanding to the appellate court. Would you agree or disagree that if a trial court did set forth reasons for denying sanctions, it could aid an appellate court in reviewing for an abuse of discretion, following up on Chief Justice Garmon's question? It could be helpful, certainly, but this court chose not to require it when it drafted or rather when it crafted Rule 137D. You're relying on the plain language of the statute, of the rule, excuse me. Thank you. I'd like to briefly summarize the factual background for the earlier administrative and circuit court proceedings. The Department had licensed Lake as an asbestos contractor. Lake then entered into a contract with the Air Force to remove asbestos from a building that was set to be destroyed. A sergeant from the Air Force saw Lake engaging in what he believed to be unsafe removal practices. He informed the Department about his concerns. It conducted several initial investigations, determined that Lake's actions threatened the public health, and in March 2008, the Department issued an emergency stop work order under Section 855.630 of its regulations. The question of whether Lake should be licensed as a contractor was not at issue in the emergency stop work proceedings. The focus of those proceedings, as is reflected in the language of the regulation, was to stop the activity that was causing the emergency. Eventually, Lake took certain remedial measures and the building was about to be demolished, so the Department determined that the emergency stop work proceedings were moot, and it voluntarily dismissed them. Voluntarily dismissing the proceedings did not mean that the violations had not taken place, only that the emergency no longer existed. Later, under Section 855.600 of its regulations, the Department sought to revoke Lake's license based on the earlier violations that it had observed. The Department also filed an action seeking monetary penalties under 225 ILCS 207-55. After administrative proceedings, the Department revoked Lake's license. Lake filed a complaint for administrative review of that decision. The Circuit Court granted judgment in Lake's favor in the civil penalties case, after which Lake told the Department that it should essentially give up its defense of the complaint for administrative review. The Department's view was that race adjudicated did not apply, because under its interpretation of the regulations, licensing issues could not have been addressed during the emergency stop work proceedings. The Circuit Court ruled in Lake's favor in the license revocation case, and it sought Rule 137 sanctions because the Department declined to concede. As a general matter, the party seeking to impose sanctions has the burden of proving that its opponents' filings were frivolous. In this case, with the benefit of hindsight, Lake argues that it was clear that the Department's defense of the license revocation action would fail, and it claims that the Department should be sanctioned for declining to concede the case based on the outcome of the civil penalties case. Lake is wrong for two reasons. First, the Department's license revocation action had both legal and factual justification. Section 855.600 of the Department's regulations authorizes the Department to revoke an asbestos contractor's license if it determines that the contractor has conducted asbestos abatement activities in a manner that dangers the public health. In this case, the Department had found that Lake's removal activities endangered the public health. Therefore, the Department's defense of its administrative decision was grounded in fact and warranted by existing law as Rule 137a requires. Second, Lake points to no case law supporting its view that the Department had a duty to concede where there was both a legal and factual basis for its defense. The Department's position was that the court's denial of its request for monetary penalties did not answer the question of whether Lake was properly licensed, and that race adjudicated did not bar the action because licensing questions could not have been addressed during the emergency stop work proceedings. The Circuit Court eventually ruled against the Department, but its argument was not so clearly lacking in merit to warrant sanctions under Rule 137. As courts have noted, it would be unjust to punish litigants for exercising their right to defend a lawsuit with the threat of sanctions as a penalty for losing. The decision to impose sanctions in a given case is left to the broad discretion of the Circuit Court. And because the Circuit Court has discretion not to impose sanctions even if it finds that a party has violated Rule 137, cases where the court should be found to have abused its discretion by not imposing sanctions should be rare. In this case, Judge McGlynn reviewed the pleadings that were filed in the civil penalties case as well as in the license revocation action. He also reviewed Lake's motion for sanctions and the Department's opposition, and he oversaw the hearing on Lake's motion for sanctions. Judge McGlynn was in the best position to decide whether sanctions were warranted in this case, and he determined that they were not. Then, in February of 2013, a different judge ruled on Lake's motion to reconsider the request for sanctions. The judge also reviewed the record, the transcript, as well as Lake's motion to reconsider and the Department's opposition, and he similarly declined to impose sanctions. The record on appeals supports the judge's decision. The Department is a state agency, and no record of evidence suggests that it had malicious intentions in pursuing its actions or that its pleadings were frivolous. Unless there are further questions, we would ask this court to reverse the appellate court's decision. Thank you. May it please the court? Counsel? Counsel. David Antignoli, representing the plaintiff appellate, Lake Environmental. It's somewhat intimidating for me to appear before this court for the first time, but now the pressure's really on, in view of the audience that we have here today. So I'm going to try to be particularly cogent, if I can. The state frames the issue in this case incorrectly. This is not a case about statutory interpretation. The appellate court did not purport to interpret Rule 137 in reaching its decision in the court below. Instead, the court chose to apply its discretion to remand in a situation where the record revealed no discernible basis for the trial court's decision denying sanctions, even though the record showed that the state took an objectively unreasonable position, even though the record showed that as a result of that objectively unreasonable position, the state caused Lake Environmental to incur a small fortune in legal fees and to lose profits for over a year while the state wrongfully withheld its contractor's license. Counsel, I'm not sure that your characterization of the appellate court's holding is correct. It seems like they clearly held that when a trial court rules on a motion for sanctions pursuant to 137, the trial court must provide the specific reasons for its ruling, whether sanctions are granted or denied. I mean, I don't blame you for arguing that because I think you agree in your brief that the language is unambiguous, that the written, in fact, even the subsection heading is entitled required written explanation of imposition of sanctions, right? Certainly, Justice Thomas. So my specific question is, is this the appellate court ruling on discretion or is it what it seemed they say in their holding that you have to, regardless of what the rule says, you have to provide reasons for both granting or denying? I don't think it's fair to read the appellate court's opinion as creating a per se rule. The appellate court looked at a body of precedent that had developed over a period of about 20 years. During that period of time, Rule 137 has been amended by this court three times. In none of the amendatory situations did the court make reference to or disapprove this body of precedent that shares a feature common to the appellate court's decision in this case. And the features are these. Number one, the record shows that a litigant took a very questionable position in the trial court, but the record fails to show why the trial judge exercised his discretion not to impose sanctions pursuant to Rule 137. So when viewed in this context, Your Honor, this looks to me like a case where the appellate court is saying, in the event that the record is bereft of some basis from which we can discern the trial court's rationale, we think it is appropriate to remand so that the trial court can explain why he or she exercised discretion to deny relief for a violation of the rule. Because in this case, based on the state's pursuit of my client, after losing the civil penalties case, it was clear that the state took an objectively unreasonable position. Well, we're here because of a split in the districts, right? Well, I'm telling you we're here because of a split in the districts. I think that the conflict pointed to by my friend in the petition for leave to appeal and in the brief is an illusory conflict. Well, apparently, counsel, an illusory conflict that the appellate court in this district chose to take on, because the last sentence, basically, before the conclusion is, we find the reasoning put forward by our colleagues in the second district requiring, right, the reasoning, over the last 22 years to be far more persuasive than anything found in Yonker, Eldridge, or Shea, and hereby adopt the view taken in the second district cases, which involves the fact that regardless of what the rule said, you had to have reasoning apportioned to the ruling. Your Honor, I don't think that that's a fair characterization of the cases, or the way in which the appellate court discussed the cases, for this reason. When the court reviewed the cases relied on by the state in this case, it went through the factual setting in each of those cases, and they shared some common features as well. In all of those cases, it could be discerned from either comments made by the trial court in deciding the motion for sanctions, or based on the nature of the issue itself, that there was no reason for the trial court to express any additional reasons. In other words, you could discern from the record that the circuit court had applied the appropriate principles and made a reasoned decision on the issue of whether sanctions would be imposed. In fact, I'd like to refer the court specifically to the principle case relied on by the state in this case in posing this so-called conflict. And that's the Turner case, which is cited in both the state's opening brief and its reply brief. And in Turner, the court stated that the appellate court must be able to discern a reasoned basis from the record. And in some cases, that means, quote, remand for development of a more enlightening record, which may or may not include express findings. That was the statement of the court in the Turner case, which the state claims is in conflict with this case. But there is no conflict, because in this case, the appellate court did not think it was appropriate to have to search the record to guess why the trial court decided not to invoke sanctions under Rule 137, even though it was apparent that the state took an objectively unreasonable position. What's the rule you're asking this court to promulgate going forward? I'm asking the court to adopt this rule, Your Honor, that Rule 366, which gives the appellate court broad discretion in dispassioning a remedy or a decision on appeal, allows the appellate court to remand where it believes that the record of an order denying sanctions is not sufficient to enable the appellate court to discern whether the circuit judge applied the appropriate standard in denying sanctions and whether or not the circuit court made an informed decision to deny sanctions. That's the rule that we advocate in this case, and I believe, Justice Thomas, that that is the rule that the appellate court announced. So we shouldn't mention Rule 137. Is that what you're saying? Yeah, I don't think Rule 137 – this case doesn't involve the interpretation of Rule 137. Everyone – I concede, all the cases concede that Rule 137 doesn't require any particular announcement by the circuit court in denying sanctions. But on the other hand, the appellate court, when reviewing an order denying sanctions, has to be able to determine whether the court properly exercises discretion. There's a balance involved here. On one hand, the rule gives the trial court wide discretion to determine whether or not sanctions should be imposed. But on the other hand, the appellate court has a role to determine whether or not the trial court has abused that discretion. If the record is bereft of information from which the appellate court can determine that the trial court applied the appropriate standard and made an informed decision, then appellate review is meaningless. So in order to prevent Rule 137, denial of sanctions, from becoming subject to unfettered discretion, the appellate court ought to have the ability to remand where the record leaves it in doubt as to why the circuit court denied sanctions. But here the concluding statement and following up on Justice Thomas' question, it says we reverse and remand with directions for the circuit court to enter an order ruling on the plaintiff's motion for sanctions. Said order to describe with specificity the reasons for so ruling. It doesn't say it's sent it back for a hearing to develop a record as to what, and that sounds like Rule 137 language you're looking at. The way I interpret that statement from the appellate court, Justice Carmeier, is that the ingredient that was missing in the record in this case is why the circuit judge would not mete out sanctions even though it was apparent that the state took an unreasonable, an objectively unreasonable position with respect to prosecuting this case against Lake Environmental. Your argument, though, seems to suggest that we ought to review the record to determine whether sanctions should be imposed and whether it was an abuse of discretion for the judge not to impose a sanction. Is that correct? This court or the appellate court? Either one. I don't think this court should review the record to determine whether sanctions should be imposed because I think the record is inadequate for that purpose. I think the appellate court had the opportunity to review the record, decided that the record did not show any mitigating factors for the state's prosecution of the license revocation case, and sent it back to the circuit court to explain why, based on a situation where the state is wrongfully prosecuting Lake, should sanctions not be imposed. Maybe there was some good reason for the trial court's decision. But if there was one, if there were mitigating factors, it's not apparent from the record. The appellate court, in remanding, simply did what appellate courts do all the time when they believe that there is not an adequate basis to meaningfully review the circuit court's exercise of discretion. It still gets back to the rule. Rule 137 is all over that opinion. They're mentioning Rule 137. Whether or not some appellate court feels that it would be helpful for them to exercise their discretion and, therefore, indicate that the rule must encompass the denial or not, it still gets back to the rule. And that's the emphasis of their decision. Regardless of what you're saying, it gets back to the rule. And rules can be amended. I can't see what that appellate court opinion. I'm not saying I disagree with the position, but your argument is slightly different than the argument made by the appellate court, which was basically to say the rule has to encompass denial, as well as why you would grant sanctions. I respectfully disagree, Justice Thomas. I think that the appellate court went through the cases where remand was not given reasons and found that in each of those cases, there was a situation where the appellate court did not have any basis to determine whether the circuit court had made an informed decision. Conversely, the appellate court went through the cases where reasoning was not required, and in each of those cases saw that the record, either because of the nature of the issue, like there was one case where there was a procedural issue where, in fact, there was a dissenting opinion on the appellate court. So clearly the litigant didn't take an unreasonable position in that case, and it was a situation where the appellate court could, on its own initiative, see that there was no violation of Rule 137. But this is a different situation. And I think I have to turn to the merits briefly to illustrate it. There were parallel lawsuits in the circuit court involving Lake and the department, the same parties. The first one was a civil penalties case. The department claimed that Lake had allegedly violated certain regulatory requirements, warranting the imposition of civil penalties. At the same time, the department commenced an action to revoke Lake's license at an administrative level. The license revocation case and the civil penalties case were based on the identical alleged violations of law that had actually allegedly occurred two years earlier. While the license revocation case was pending, the circuit court ruled in the civil penalties case by summary judgment that the state had no right to allege these violations of the act because two years earlier the state had dismissed another case against Lake Environmental with prejudice and was not able to resurrect those allegations two years later. Now, the circuit court summarily rejected the civil penalties lawsuit in September of 2011, right after Lake filed its petition for administrative review of the agency's license revocation. So we have at that stage of the litigation a situation where the agency knows that it can no longer rely on these past allegations to attack Lake Environmental. Now, the agency had two choices at that point in time. One, they could appeal the circuit court's summary judgment in the civil penalties case and put the license revocation case on hold or they could give up the license revocation case. But what did the agency do? It took neither of those actions. It didn't appeal the civil penalties case but it continued and filed an answer in the administrative review case battling the license revocation. We spent another year litigating this case while the state withheld our license even though it was clear that when the court summarily rejected the agency's position in the civil penalties case based on the doctrine of res judicata that that very same argument would also bar the agency's license revocation. So here is a situation where on its face the agency has taken an extraordinarily and objectively unreasonable position on one hand but the trial court refuses to give sanctions for no reason. And I suspect that was all in the record in part of your motion for sanctions, right? Yes. And I suspect the public health department had a response to that motion, right? They did. And that was all before the appellate court? Correct. And that would be a similar fashion in which any motions for sanction in any record came to the appellate court, right? That is correct. So the only thing missing is that the appellate court wanted to know what the reason was for the circuit court denying the motion for sanctions. Correct. Because they said that would be helpful and I'm sure it would be helpful. But if our rule distinguishes between whether it's mandated or not, isn't really that the issue in the case? Well, the rule, though, and, again, with all due respect, the rule is a direction to the trial judge. It's not a direction to the appellate court. The rule says under these circumstances, trial judge, you need to do this. The rule doesn't say anything about what the appellate court's scope of review is. The scope of review governing the appellate court is Rule 366. And Rule 366 says that the court, the reviewing court, in its discretion, may remand the case if it deems it appropriate in order to conduct meaningful judicial review. Thank you. Thank you, Counselor. Your time has expired. Thank you very much. Your question was answered. Right. Your Honors, we're not arguing that Rule 366 would never allow an appellate court to remand for further factual development if that, in fact, were necessary in that case. But it's clear that that is not what happened here. Here, the appellate court, as this court has recognized, simply wanted a statement of reasons. And Rule 137 does not require a statement of reasons where a motion for sanctions is denied. The appellate court also said nothing about the state of the record. And, in fact, even though Counsel refers to the record as being inadequate, it's not clear what's missing from the record in his view. As we noted, the record contained all of the pleadings that were challenged, as well as the transcript from the hearing on the motion for sanctions. So it's hard to see what is inadequate about the record. Counsel repeatedly refers to the Department's position as objectively unreasonable, but that was a matter for the trial court to decide. And in denying the motion for sanctions, implicitly the trial court determined that the Department's position was not objectively unreasonable. And, as we noted earlier, what was at issue in the license revocation proceedings differed from and had a different standard than what was at issue in the civil penalties action. So even though Counsel repeatedly asserts that it was clear that the Department was going to lose the license revocation case, that's simply not true. Unless this court has further questions, we would ask again that you reverse the appellate court's decision and reinstate the circuit court's order. Thank you. Thank you. Case number 118110, Lake Environmental, Incorporated v. Damon T. Arnold, will be taken under advisement as agenda number 15. Ms. Boachianza and Mr. Antonioli, thank you for your arguments this morning. You're excused.